IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HENRY LEE SMITH                                                                                   PLAINTIFF

VERSUS                                                         CIVIL ACTION NO.  2:05cv25KS-JMR

JESSIE DEBOSE, GAIL DERMAN
and FIRST STATE BANK                                                                      DEFENDANTS

MEMORANDUM OPINION

This cause is before the Court, sua sponte, for consideration of dismissal.  Plaintiff Henry Lee Smith filed this complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief and monetary damages.

The allegations of the complaint are somewhat confusing.  In sum, plaintiff claims that the defendants defrauded him out of his inheritance while he was incarcerated.  He states that defendant First State Bank is the institution in which his deceased mother's assets were held, and that defendant Gail Derman was an employee of First State Bank.  Defendant Jessie Debose is the nephew of plaintiff's deceased mother.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune
        from such relief.

veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991); See also Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendants.

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The Court in West concluded that, in order to act under color of state law, the defendant in an § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. 487 U.S. at 49 (citing United States v. Classic, 313 U.S. 299, 326 (1941)).

In the instant complaint, there are no allegations to establish that the defendants were state actors. Insofar as the Court can ascertain, defendant First State Bank is a private entity and not a state actor as required by § 1983. Likewise, the pleadings indicate that defendant Gail Derman is a private citizen formerly employed at the First State Bank, and that defendant Jessie Debose is the nephew of plaintiff's deceased mother. Hence, any deprivation plaintiff allegedly suffered under

those defendants was not "under color of state law."

## Conclusion

As discussed above, the plaintiff has failed to present an arguable constitutional claim in law or fact in order to maintain this particular cause of action against the named defendants. Consequently, this complaint will be dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[2]  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.  A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the ___18th___ day of July, 2005.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."